United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60866
Summary Calendar

JOSE VINICIO GUTIERREZ ANTONIO,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 126 943
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Vinicio Gutierrez Antonio ("Gutierrez") has petitioned for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his administrative appeal and affirming the decision of the immigration judge ("IJ") denying his application for asylum and for withholding of deportation. The BIA found, and Gutierrez does not dispute, that the asylum application was not timely filed and that Gutierrez had "failed to prove that extraordinary circumstances caused the failure to meet the 1-year deadline." See 8 U.S.C. § 1158(a)(2)(B) & (D). This court does

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not have jurisdiction to review these determinations.  See
8 U.S.C. § 1158(a)(3); Fesshaye v. Ashcroft, No. 03-60393, 2003
WL 23021863 (5th Cir. Dec. 24, 2003) (unpublished).

Asylum and withholding of removal are distinct remedies.
Mikhael v. INS, 115 F.3d 299, 306 (5th Cir. 1997).  To establish
eligibility for withholding of removal, an alien must show that
his "life or freedom would be threatened in that country because
of the alien's race, religion, nationality, membership in a
particular social group, or political opinion."  8 U.S.C.
§ 1231(b)(3)(A).  The alien must "show a 'clear probability' that
he or she will be persecuted if deported."  Mikhael, 115 F.3d at
306.

Gutierrez contends that he has shown that he will be
persecuted if he is removed to Guatemala because he was compelled
previously to aid a guerilla group.  He fears retribution by
people in his home town and by the guerillas.  We review the
BIA's factual findings "to determine if they are supported by
substantial evidence in the record."  Id. at 302.  We defer to
the BIA's decision unless the evidence compels a contrary
conclusion.  Id.  "The substantial evidence standard requires
only that the [BIA's] conclusion be based upon the evidence
presented and that it be substantially reasonable."
Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996)
(internal quotation marks omitted).

Because this is a forced-conscription case, Gutierrez had to show that there is a clear probability that he will be persecuted because of his political beliefs if he is removed to Guatemala. See INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992). The persecution must be "on account of the *victim's* political opinion, not the persecutor's." Id. Apart from Gutierrez's statements that he had resisted conscription by the guerillas because he did not want to be a "communist assassin" and that the army was the "good side," there is no evidence showing that Gutierrez had a political opinion, much less that he was or will be persecuted because of a political opinion. See id. at 483.

The facts in this case are similar to those in Elias-Zacharias, which was an asylum case. See id. at 478–84; see also Girma v. INS, 283 F.3d 664, 666–67 (5th Cir. 2002) (the burden of persuasion is less stringent in an asylum case). In Elias-Zacharias, the Court held that the alien had not carried his burden of persuasion by showing that he adopted a neutral position with regard to the guerilla conflict in Guatemala. 502 U.S. at 482–84. Because the evidence in the instant case does not compel a contrary conclusion, we uphold the BIA's decision. See Mikhael, 115 F.3d at 302.

PETITION DENIED.